**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Emoji Company GmbH,<br><br>       Plaintiff,<br><br>     v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto<br><br>       Defendants. | Case No. 23-cv-02317 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISSOLVE**

Shan Zhu, Esq.
*To be admitted pro hac vice*
Shan Zhu Law Group, P.C.
3511-B Farrington Street #335
Flushing, NY 11354

Defendant Shenzhen Yi You Life Technology Co., Ltd ("Yiyou"), submits this memorandum of law in support of Defendant's motion to dissolve Temporary Restraining Order against Yiyou Defendant.

**Factual Background**

On April 13, 2023, Plaintiff filed a complaint against Defendants listed in Schedule A alleging trademark infringement and counterfeiting, and False Designation of Origin. ECF Dkt. No. 1. On the same day, Plaintiff moved the Court for a temporary restraining order. ECF Dkt. No. 10-19. On April 20, 2023, the Court held a telephone conference and granted Plaintiff's motion for a temporary restraining order, authorized service via email and expedited discovery without notice to Defendant. ECF Dkt. No. 22. The Court also scheduled a telephone conference on May 4, at 9:15 am. *Id*. On April 26, Plaintiff posted a bond as requested by the Court's April 20 order. ECF Dkt. No. 25. The temporary restraining order remains sealed. ECF Dkt. No. 24.

Defendant Yiyou operates the E4ulife Amazon store. Yiyou is an owner of a Federally registered trademarks Let's Resin for the goods relevant to this action. Ding Decl. ¶¶ 4, Exh. B. Plaintiff appears to allege Yiyou's Coaster Molds titled " LET'S RESIN Resin Coaster Molds, Set of 6 Smiley Face Round Coaster Molds for Epoxy Resin, Emoji Silicone Coaster Molds for DIY Art Craft Cup Mats, Bar Coasters, Novelty Drink Coasters" at https://www.amazon.com/gp/product/B0BP7SWBSW (the "Product-in-Dispute") infringed Plaintiff's trademark right.

Other than the Product-in-Dispute, Yiyou Defendant further sells other resin crafting related products. Ding Decl ¶¶ 10 Exh. E.

Yiyou Defendant hereby submits this motion to dissolve Plaintiff's temporary restraining order because 1) Plaintiff failed to demonstrate the likelihood of success on the

merit, and 2) Assuming Plaintiff demonstrated any likelihood of success, which it did not, Plaintiff failed to demonstrate any irreparable harm.

## Argument

### I. Standard of Review

The purpose of preliminary injunctive relief is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002) (quoting *Platinum Home Mortg. Corp. v. Platinum Fin. Group*, 149 F.3d 722, 726 (7th Cir. 1998)). In order to obtain a preliminary injunction, the moving party must demonstrate: (1) a likelihood of success on the merits, (2) that it has no adequate remedy at law, and (3) will suffer irreparable harm if the injunction is denied. *Kiel v. City of Kenosha*, 236 F.3d 814, 815 (7th Cir. 2000); *AM General Corp.*, 311 F.3d at 803. If the plaintiff fails to establish either of these elements, then the court's analysis "ends and the preliminary injunction should not be issued." *Adams v. City of Chicago*, 135 F.3d 1150, 1154 (7th Cir. 1998). A party "with no chance of success on the merits cannot attain a preliminary injunction." *AM General Corp.*, 311 F.3d at 804.

Here, the Court should deny Plaintiff's motion because Plaintiff cannot demonstrate a likelihood of success on the merit. First of all, Plaintiff failed to make any factual allegation that Plaintiff is using EMOJI trademark in the field of Reisen crafting related goods nor any of Plaintiff's registered trademark covers goods related to the Product-in-Dispute. Secondly, Defendant's use of the EMOJI word in its ordinary dictionary meaning and should be deemed as nominative fair use.

Furthermore, the plaintiff cannot show any irreparable harm without a temporary restraining order or later on a preliminary injunction. Additionally, the restraining order unfairly prejudiced Yiyou Defendant because Yiyou Defendant is also marketing and

selling other goods that is not in dispute. Therefore, the court should dissolve the Plaintiff's temporary restraining order.

II. **Plaintiff is not likely to succeed on the merits because 1) Plaintiff failed to show the likelihood of confusion, 2) Assuming the likelihood of confusion exists, which is not, Yiyou defendant's use of the EMOJI word in a nominative way.**
A. **Absence of Likelihood of Confusion Because the Goods Marked by Yiyou are not related to Plaintiff's Goods Identified on The Cited Trademarks.**

The court looks to several factors in determining whether a likelihood of confusion exists: (1) similarity of the marks; (2) similarity of the products; (3) area and manner of concurrent use; (4) degree of care likely to be used by consumers; (5) strength of complaint's mark; (6) actual confusion; and (7) intent of alleged infringer to "palm off his product as that of another." See *Helene Curtis Industries, Inc. v. Church and Dwight Co., Inc.*, 560 F.2d 1325, 1330 (7th Cir. 1977).

The goods are compared to determine whether they are similar, commercially related, or travel in the same trade channels. See *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §§1207.01, 1207.01(a)(vi).

Here, Yiyou Defendant contains it did not use any EMOJI word as a trademark use. Regardless of the dispute, the Court should not find a likelihood of confusion because the goods marketed by Yiyou are fundamentally different from Plaintiff's goods or services.

Yiyou Defendant is the owner of the LET'S RESIN trademarks, with registration Nos. 5,711,744, 6,168,825, and 6,168,826. (LET'S RESIN Trademarks) Ding Decl. ¶¶ 4 Exh. B.

Yiyou's Trademarks descripts follow goods and services "On-line retail store services featuring resin crafting supplies such as resin, resin molds, instructional books,

outside package, and other resin related items", "Acrylic paints; Acrylic paints for artists; Annatto being dyestuff; Carbon black as pigment; Dyestuffs; Fixatives in the nature of varnishes for protection of watercolour paintings; Fluorescent paints; Food dyes; Metal foil for use in painting, decorating, printing and art; Metals in powder form for use in painting, decorating, printing and art; Oil paints for use in art; Organic pigments; Paint for artists; Pigments; Watercolor paints for use in art", and "Acrylic resins, unprocessed; Artificial resins, unprocessed; Epoxy resins, unprocessed; Gum arabic for industrial purposes; Polymer resins, unprocessed; Silica gel; Silicon; Synthetic resins, unprocessed." *Id*. Yiyou Defendant further enclosed a video introduction of the Product-in-Dispute. Ding Decl. ¶¶ 8.

Yiyou Defendant is marketing resin crafting related goods and/or tools, specifically, similarly to the Product-in-Dispute, silicone molds, Pigment Powders, etc. Currently, Yiyou Defendant has 88 related goods listed in its store. Ding Decl. ¶¶ 20 Exh. J.

"LET'S RESIN" trademarks are recognized by the targeted customers. Supported by Evidence, Yiyou is the owner of the Youtube Channel, "LET'S RESIN". Ding Decl. ¶¶ 6 Exh. C. The Youtube Channel has more than 30,000 subscribers. Resin art influencers have also made videos for "LET'S RESIN" products on Youtube. Ding Decl. ¶¶ 7. For example, Quantastic, a Youtuber, has 3.82 million subscribers published a video related to "LET'S RESIN" products titled "20 Easy Epoxy Resin Ideas That Are At Another Level | by @LETSRESIN" available at https://www.youtube.com/watch?v=EyOikZGklrQ. *Id*. This video is liked by 4,600 users and viewed 550,000 times. *Id*. Other influencers' posts are listed below:

| Youtuber | Title | # of subscribers | # of view | URL |
|---|---|---|---|---|

| Absolute Nails & Crafts | JEWELRY MADE WITH UV RESIN IS SO MUCH FUN \| LET'S RESIN | 207,000 | 12,000 | https://www.youtube.com/watch?v=h88uYsSDhus |
| --- | --- | --- | --- | --- |
| Sherry Moulton | THANKS Let's Resin 🥰 Trying an AMAZING UV Resin Jewelry Starter Kit. You won't be disappointed #374 | 92,800 | 14,000 | https://www.youtube.com/watch?v=YwXnY_PzaXs |
| Annies Art Studio | Resin Mold Let's Resin Products | 212,000 | 2,200 | https://www.youtube.com/watch?v=JUzcq__YcuU |

In comparison, Plaintiff's EMOJI marks appear to cover various ranges of goods and services. ECF Dkt. No. 1-1. Notably, Plaintiff alleges its trademarks are incontestable pursuant to 15 U.S.C. § 1065. ECF Dkt. No. 1 ¶¶ 8. However, None of Plaintiff's EMOJI trademarks acquired incontestability status. See *in general* Zhu Decl. They do not contain any goods related to the resin crafting industry. Nor any evidence submitted by Plaintiff indicates it used EMOJI trademarks in connection with resin crafting related products. Dkt. No. 1

Plaintiff again claims that infringement occurs when a Defendant uses the word "emoji" in connection with the sale of those products. *Emoji Co. Gmbh v. Individuals*, No. 20-cv-04678, 2022 U.S. Dist. LEXIS 173321, at *15-16 (N.D. Ill. Sep. 26, 2022). This Court has already ruled Plaintiff's right cannot be so expansive. *Id*. (Citing *Sorensen v. WD-40 Co.*, 792 F.3d 712, 722 (7th Cir. 2015) ("The hypothetical producer of "Crunchy" brand potato chips, for example, cannot block its competitors from describing their chips as crunchy. It may, though, be able to block its competitors from selling chips that are branded 'Crunchy.'"); *M. B. H. Enterprises, Inc. v. WOKY, Inc.*, 633 F.2d 50, 55 (7th Cir. 1980) ("There is a limit to the ability to appropriate the language for exclusive commercial use.")).

In light of the difference in goods marketed, Plaintiff, without alleging the relatedness of the goods, failed to show a likelihood of confusion.

Additionally, Yiyou has a specific group of targeted customers. Yiyou Defendant's customers are individuals interested in Resin crafting, which is a unique group of customers. See Ding Decl. ¶¶ 15-16. And "LET'S RESIN" is well recognized by the targeted customers. *Id.* ¶¶ 7.

As discussed below, Plaintiff failed to show Yiyou's intent to "palm off his product as that of another". See Section B, subsection 3).

As such, the Court should grant Yiyou's motion to dissolve the temporary restraining order because Plaintiff failed to demonstrate a likelihood of confusion.

**B. Yiyou Defendant's use of the EMOJI word is a nominative fair use.**

The Court should find Yiyou's use of the EMOJI word is a descriptive fair use. Under 15 U.S.C. § 1115(b)(4), a defendant in a trademark infringement action may invoke the fair use defense by demonstrating that the alleged infringement "is a use, otherwise than as a mark … which is descriptive of and used fairly and in good faith only to describe the goods or services of such party." See *Sorensen v. WD-40 Co.*, 792 F.3d 712, 722 (7th Cir. 2015).

To prevail on a fair use defense, a defendant must show that: (1) it did not use the mark as a trademark; (2) the use is descriptive of its goods or services; and (3) it used the mark fairly and in good faith. *Sorensen v. WD-40 Co., 792 F.3d 712, 722* (7th Cir. 2015) citing (*Packman v. Chi. Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001)).

The fair use defense is available even against federally registered trademarks that are incontestable. *Id*. (Citing *Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055,

1058 (7th Cir. 1995)). Here, as discussed above, none of EMOJI marks acquired incontestable status. See *in general* Zhu Decl.

### 1) The Court should find Yiyou's use of EMOJI word is a non-trademark use.

"A word or phrase functions as a trademark when it is used by a source of a product to identify itself to the public as the source of its product and to create in the public consciousness an awareness of the uniqueness of the source and of its products." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 722-23 (7th Cir. 2015) citing *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 953 (7th Cir. 1992). To prove a prima facie case of trademark infringement, Plaintiff must show Defendants' use of the EMOJI Trademark causes a likelihood of confusion as to the origin or sponsorship of Defendants' products. See *Neopost Industrie B.V. v. PFE Int'l Inc.*, 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citation omitted).

This Court has observed, *sua sponte*, upon Plaintiff's motion for default judgment, that "emoji" can only function as a trademark when it is "used by a source of a product to identify itself to the public as the source of its product and to create in the public consciousness an awareness of the uniqueness of the source and of its products." *Id.* (internal citation omitted).

First, the Product-in-Dispute is specifically marked under "LET'S RESIN" brands. Ding Decl. ¶¶ 3, 17 Exh. I. "LET'S RESIN" logo is fixed on the Product-in-Dispute. Ding Decl. ¶¶ 17 Exh. I. On its sells link, the Product-in-Dispute is titled as LET'S RESIN brand sold by LET'S RESIN store. Also, Amazon has put the brand label "LET'S RESIN". See below the image illustration (emphasis added):



Thus, The EMOJI word on Yiyou Defendant's Amazon page is not for trademark use.

**2) Yiyou used "EMOJI" to describe its goods**

For "EMOJI" trademarks, this Court specifically found "a person may be permitted "to use otherwise trademarked language in a descriptive sense."" *Emoji Co. Gmbh v. Individuals*, No. 20-cv-04678, 2022 U.S. Dist. LEXIS 173321, at *13 (N.D. Ill. Sep. 26, 2022) citing *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). Further, "no one should be able to appropriate descriptive language through trademark registration," *Id*. (Citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001)).

This Court found the various images and icons commonly referred to as "emojis" have become a staple of modern communication, such that the term "emoji" is even defined in many dictionaries. E.g., Emoji, Merriam-Webster, https://www.merriam-webster.com/dictionary/emoji (last visited Sept. 23, 2022) (defining "emoji" to mean "any of various small images, symbols, or icons used in text fields in electronic communication (as in text messages, email, and social media) to express the emotional attitude of the writer, convey information succinctly, communicate a message playfully without using words,

etc.") *Emoji Co. Gmbh v. Individuals*, No. 20-cv-04678, 2022 U.S. Dist. LEXIS 173321, at *12 (N.D. Ill. Sep. 26, 2022).

Also, Collins dictionary has defined emoji as "An emoji is a digital image that is used to express an emotion in an electronic communication such as an email or text message." Ding Decl. ¶¶ 13 Exh. H.

Apparently, the word "EMOJI" is used in descriptive nature, dictionary meaning. Specifically, it is a silicone mold that will eventually make coasters has emoji on them, as shown below:



3) **Yiyou used "EMOJI" word fairly and in good faith**

In a default case, This Court, *sua sponte*, observed that the nature of Plaintiff's trademark to be relevant to the willfulness inquiry, as it raises the concern that many persons might innocently use the word "emoji" in commerce without awareness of Plaintiff's intellectual property rights. *Emoji Co. Gmbh v. Individuals*, No. 20-cv-04678, 2022 U.S. Dist. LEXIS 173321, at *12 (N.D. Ill. Sep. 26, 2022). Similarly, Yiyou is not aware of Plaintiff's trademark rights in "EMOJI" word.

Further, Yiyou complies with and is bonded by Amazon's IP policy and made due diligent efforts to prevent infringement of other's intellectual property rights. Ding Decl.

¶¶ 12 Exh. G. The title for the Product-in-Dispute is in compliance with Amazon's IP policy, which provides "[t]ypically, a seller can use someone else's trademark in the following circumstance: . . . b. When using a trademarked word in its ordinary dictionary meaning". Yiyou also maintains a high score in terms of intellectual property rights and user satisfaction. Ding Decl. ¶¶ 11.

Therefore, the Court should find Yiyou's good faith.

In sum, the Court should find Plaintiff failed to demonstrate the likelihood to success on the merit due to the meritorious defense.

### III. The Plaintiff failed to demonstrate any irreparable harm due to lack of "continuing, present adverse effects"

Plaintiff relies solely on the presumption of the rebuttable presumption of irreparable harm in case Plaintiff has shown a likelihood of success on the merits. 15 U.S.C. § 1116(a). As discussed above, Plaintiff cannot demonstrate a likelihood of success on the merit because lack of likelihood of confusion and Yiyou has meritorious defenses. Therefore, Plaintiff shall not enjoy the presumption. Assuming the Court finds Plaintiff is entitled to the presumption, which it does not, the presumption should be rebutted because 1) if any infringement is found, Plaintiff failed to show Yiyou Defendant's infringement is willful, 2) the restraining of transfer asset is inappropriate, 3) the "continuing, present adverse effects" are lacking, 4) Yiyou Defendant will suffer irreparable harm which outweighs Plaintiff's irreparable harm if any, and 5) the Temporary Restraining Order exceeds the necessity to protect Plaintiff

#### A. Plaintiff's Relance of Willful Infringing is Unjustified

Plaintiff argues "[a]s willful infringers, Defendants are entitled to little equitable consideration." ECF Dkt. No. 11 ¶ 28. As discussed above, this cannot be justified under

the circumstance as the Court already found using the word "EMOJI" itself cannot support the finding of willingness.

### B. Plaintiff's Request to Preventing Transfer of Asset is Inappropriate.

Monetary damage is insufficient to support irreparable harm. It is well established that an injury compensable in money damages is not irreparable unless the ultimate recovery of money damages will not make the plaintiffs whole. *McGinn v. DeSoto, Inc.*, No. 90 C 4481, 1990 U.S. Dist. LEXIS 14318, at *12-13 (N.D. Ill. Oct. 17, 1990). (Citing *Classic Components Supply, Inc. v. Mitsubishi Electronics Am., Inc.*, 841 F.2d 163, 164-65 (7th Cir. 1988); *Dresser Industries*, 749 F.2d at 386). Here Plaintiff failed to make a showing that ultimate recovery cannot compensate Plaintiff. Yiyou Defendant listed the Product-in-Dispute since December 2022, which is less than 5 months until now. Yiyou Defendant further produced sales records that show minor sales and negative profit. Thus, while no evidence suggests actual damage, Plaintiff is not entitled to any damage other than statutory damages if Plaintiff elects to. A monetary judgment will make Plaintiff whole. Notably, Yiyou Defendant agrees to cease from using "EMOJI" word during the pendency of this litigation. Ding Decl. ¶¶ 19.

Additionally, restraining transfer of assets is only related to monetary damages. The absence of an adequate legal remedy is a prerequisite to any form of equitable relief. *Roland Machinery McGinn v. DeSoto, Inc.*, 1990 U.S. Dist. LEXIS 14318, *10. (citing *Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)). Here, as discussed above, the only relief Plaintiff may entitled to is statutory damage. Thus, adequate legal remedy is available.

As such, the Court should grant the Plaintiff's motion to dissolve the temporary restraining order against Yiyou Defendant.

### C. Lack of "continuing, present adverse effects" because Yiyou Defendant does not intend to using "EMOJI" in connection with the Product-in-Dispute until the resolution of this matter

Yiyou Defendant does not intend to use "EMOJI" word in connection with the Product-in-Dispute until the resolution of this matter. Ding Decl. ¶¶ 19. "[P]ast injury alone is insufficient to establish standing for purposes of prospective injunctive relief" unless accompanied by "continuing, present adverse effects." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) (internal quotations and citations omitted).

Here, Yiyou Defendant does not intend to use "EMOJI" word in connection with the Product-in-Dispute during the pendency of this matter. Ding Decl. ¶¶ 19.

Both the Ninth Circuit and the Federal Circuit have denied injunction due to defendant's voluntary cessation. See e.g. *Volkswagenwerk Aktiengesellschaft v. Church,* 411 F.2d 350 at 352 (9th Cir. 1969) (The Ninth Circuit affirmed a district court's denial of an injunction against trademark infringement because there was "little or no evidence in the record casting doubt on [the defendant's] good faith abandonment of this infringement, or indicating that it will be resumed."), *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132 at 1135 (9th Cir. 1986) (the Ninth Circuit recognized that a plaintiff might properly be denied injunctive relief based on a defendant's voluntary cessation of trademark infringement if "'the reform of the defendant [is] irrefutably demonstrated and total.'" (quoting 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:6, at 471 (2d ed. 1984)))[1]. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1374-75 (Fed.

---

[1] In *Polo Fashions* the Ninth Circuit reversed a district court's "refus[al] to grant an injunction because the plaintiffs had not introduced any specific evidence to demonstrate that the defendants would infringe in the future." *Polo Fashions*, 793 F.2d at 1135 (emphasis added). The Federal Circuit observed that *Polo Fashions* was that the district court placed the burden on the wrong party—requiring the plaintiff to show that the defendants would likely infringe the plaintiff's trademark again, instead of requiring the defendants to show that they would not infringe. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1374-75 (Fed. Cir. 2013)

Cir. 2013) (affirming district court's denial of Apple's request for an injunction because Samsung represented—and Apple did not dispute—that none of the products found to dilute Apple's trade dress were "still on the market in any form."). The Federal Circuit further that these also apply to permanent injunctions. *Apple Inc. v. Samsung Elecs.* (Apple III), 735 F.3d 1352, 1362 (Fed. Cir. 2013) ("The reasoning in Apple I and Apple II . . . applies equally to the preliminary and permanent injunction contexts.").

This Court follows the Federal Circuits reasoning in preliminary injunctive relief analyze in patent infringement matters. *Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, No. 14-cv-2060, 2014 U.S. Dist. LEXIS 163352, at *22 (N.D. Ill. Nov. 21, 2014) ("a movant who clearly establishes the first factor receives the benefit of a presumption on the second," (internal citation omitted), that is no longer the law. Citing *Apple Inc. v. Samsung Electronics Co., Ltd.*, 735 F.3d 1352, 1359 (Fed. Cir. 2013)).

Here, the Court should find the same as Yiyou does not intend to use "EMOJI" word for the Product-in-Dispute during the pendency of this matter, and the merchandises remain in Yiyou procession bears no "EMOJI" trademarks. Ding Decl. ¶¶ 17-19 Exh. I.

### D. Yiyou Defendant will suffer irreparable harm which outweighs Plaintiff's irreparable harm if any

If . . . the moving party clears both thresholds, "the court must next consider (3) the irreparable harm the nonmovant will suffer if the injunction is granted balanced against the irreparable harm to the movant if relief is denied, and (4) the effect granting or denying the injunction will have on non-parties." *Ty, Inc. v. Softbelly's, Inc.*, No. 00 C 5230, 2001 U.S. Dist. LEXIS 1341, at *4 (N.D. Ill. Feb. 9, 2001) citing *Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1114 (7th Cir. 1997)

Here the irreparable harm to Yiyou Defendant outweighs the harm to Plaintiff.

Besides the Product-in-Dispute, Yiyou Defendant is also selling 88 other resin crafting related products. Ding Decl. ¶¶ 20 Exh. J.

Regardless of whether the Product-in-Dispute infringed Plaintiff's trademark right or not, restraining Yiyou Defendant's Amazon account imposed a substantial injury to Yiyou Defendant's lawful business. Ding Decl. ¶¶ 20-22. In specific, withholding its lawful sales proceed will necessarily cause its inability to perform contracts with manufacturers. *Id*. It is further worth noticing that the period of the alleged infringement is relevantly short. Ding Decl. ¶¶ 23. In comparison, Yiyou Defendant has operated this store since 2017. Ding Decl. ¶¶ 6.

In balancing the factors, even though Plaintiff only relies on the presumption, which they should not entitle to, and did not point to any specific injury, the prejudice or hardship imposed on the Yiyou substantially outweighs any potential harm to Plaintiff if any.

Additionally, the harm to the non-party, Amazon.com, should further be considered. The Preliminary Injunction will damage the non-party because (1) the injunction will impose a burden on the non-party and 2) Amazon will lose sales on Yiyou's sales including both the Product-in-Dispute and Yiyou's other products. Taking Yiyou's inability to pay off its suppliers into account, it will be essential hard for Yiyou to maintain its business with Amazon.com.

### E. The Temporary Restraining Order is apparently exceeding the necessity to protect Plaintiff

Creditable evidence shows the Product-in-Dispute did not generate any profit from all relevant time. Ding Decl. ¶¶ 23.

If the Plaintiff elects to collect statutory damage, the scope of statutory damage is from $1,000 to $200,000. See 15 U.S. Code § 1117 (c)(1). So far, no evidence nor any factual allegation suggests Yiyou's infringement, if any, is willful. Yiyou Defendant using

the word "EMOJI" in its ordinary dictionary meaning. Plaintiff made no allegation of actual damage. Now, Plaintiff has restrained more than $130,000 which is exceeding the maximum amount Plaintiff may recover. Ding Decl. ¶¶ 26.

As a result, the Court must dissolve the restraining order.

## CONCLUSION

As set forth above, because Plaintiff failed to demonstrate a likelihood of success on the merit and failed to show any irreparable harm, Defendant respectfully requests the Court grant Defendant's motion and dissolve the temporary restraining order against Yiyou Defendant.

Dated:     Flushing, New York
          May 1, 2023

                                              */s/ Shan Zhu*
                                              Shan Zhu, Esq.
                                              *To be admitted pro hac vice*
                                              *Attorneys for the Defendant Shenzhen Yi You Life Technology Co., Ltd*
                                              .