**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EMOJI COMPANY GMBH,**  Plaintiff,  ~ against ~  **THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS** *and* **UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,**  Defendants, | **Case No.: 23-cv-2317**  The Hon. District Judge Andrea R. Wood |

**MEMORANDUM OF LAW** *by*
**DEFENDANT ELECTRICIAN GUY** *in Opposition to*
**MOTION FOR DEFAULT JUDGMENT (ECF 74)**

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Defendant "Electrician Guy"*

i

# A     Table of Contents

**B.**     **Introduction and Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**C.**     **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        I.     The Hague Convention Bars
              Entry of Default Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        II.     The Case is Moot . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**D.**     **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**B.** **Introduction and Procedural Background**

Plaintiff moved for Entry of Default Judgment against all "remaining Defendants" (ECF 72-75). They did so with the claim: "Defaulting Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing infringing and/or counterfeit versions of the EMOJI Trademarks (the "Counterfeit/Infringing Products") in the same transaction, occurrence, or series of transactions or occurrences." Memo in Support at p. 3 (ECF 74).

To emphasize: Plaintiff claimed that Electrician Guy was part of an "interrelated group", "working in active concern", engaged in the "same transaction, occurrence, or series of transactions or occurrences", *See also* Complaint at ¶¶ 4, 23, *et passim* (ECF 1). The "interrelated" status is central to the Complaint. If not interrelated, there would be no basis to name hundreds of Defendants in a single lawsuit; to obtain the injunctive relief, and to now seek Entry of Default.

While the Motion for Entry of Default Judgment purports to exclude the Movant, we respectfully submit that if according to Plaintiff this is a Motion related to Movant's "related parties" then the Entry of Judgment will negatively impact Electrician Guy, who is allegedly a participant in the "Defendant Internet Store". For that reason, we respectfully submit that Movant is an interested party that may present its position in opposition to the Motion for Entry of Default Judgment by right. But if not, we have simultaneously with the submission of this Memorandum sought leave to file as an Amicus Curiea.

This Memorandum argues that the Hague Convention bars entry of Default here, and the Plaintiff's settlement with the related parties Mooted this lawsuit in whole or in part. We adopt by reference the arguments about insufficient service and failure to state a claim (ECF 68) and supplement that argument for the issues relevant to Entry of Default as follows:

1

C.  Argument

    I.  **The Hague Convention Bars Entry of Default Judgment**

The Hague Convention applies to all (and at the very least, some) of the Defendants in this case, *See NBA Props. v. P'ships & Unincorporated Ass'ns*, 549 F.Supp. 3d 790, 795-796 (N.D. Ill. 2021) *citing Compass Bank v. Katz*, 287 F.R.D. 392, 394-95 (S.D. Tex. 2012) (collecting cases that confirm if a foreign address is known the Hague Convention controls).

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention") provides:

> "Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –
>
> "a)  the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
>
> "b)  the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,"

"and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend."

Hague Convention, Article 15.

In other words, even assuming the validity of the alternate service *a priori*, after the fact and before entering Default against Parties subject to the Hague Convention the Plaintiff must "establish" that the document was "actually delivered to the defendant or to [their] residence by another method provided for by this Convention" and there be "sufficient time" to defend.

2

Further, the Hague Convention provides in the alternative that this Honorable Court:

"may give judgment, even if no certificate of service or delivery has been received, if *all* of the following conditions are fulfilled –

- "a) the document was transmitted by one of the methods provided for in this Convention,

- "b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

- "c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed."

Hague Convention, Article 15 (emphasis added).
Secretary Dean Rusk Declared that:

"In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are fulfilled."

DECLARATION OF THE UNITED STATES (August 24, 1967) *available online at* https://www.hcch.net/en/states/authorities/notifications/?csid=428&disp=resdn. Here, we refer to these collectively as the "Declaratory Provisions".

In summary – to enter a Default Judgment against a foreign entity to whom the Hague Convention applies the Plaintiff must produce a Certificate of actual delivery by a method "provided for under the Convention" or serve pursuant to Chinese law. Plaintiff failed to do either.

The fallback option is for this Honorable Court to enter Default pursuant to the Declaratory Provisions which *requires that each of three conditions are met*: (i.) Summons was

3

transmitted by one of the methods "provided for" in the Hague Convention; (ii.) six months passed; and (iii.) no certificate is available despite reasonable efforts to obtain it.

Whether China's refusal to allow postal service also covers e-mail service is irrelevant when it comes to entry of Default Judgment. That's an issue for another motion and another day, *See Parsons v. Shenzen Fest Tech. Co.*, Case No. 18 CV 08506, 2021 U.S. Dist. LEXIS 35903, at *4 (N.D. Ill. Feb. 26, 2021)(collecting extensive caselaw nationally on both sides of the issue); Electrician Guy's Motion to Dismiss (ECF 67-69).

Relevant here is Article 15 and its Declaratory Provisions. They require that service be completed in a manner expressly "provided for" under the Convention before entering Default. *See, e.g.*, *Smart Study Co. v. Acuteye-US*, 620 F.Supp. 3d 1382 (S.D.N.Y. July 21, 2022)("Even if the Court had determined that service by email was permissible under the Hague Convention, it would still be not be permitted to enter default judgment." *citing* Article 15); *See also Zhang v. Baidu.com, Inc.*, 932 F.Supp.2d 561, 565 (S.D.N.Y. 2013). To put a fine point on it – the question of whether e-mail is allowed under the Convention is separate from whether Entry of Default can be made on the basis of that e-mail service. Even courts which found that e-mail service is not *excluded* by the People's Republic's objection to postal service, say nothing about whether e-mail service is sufficient under what Justice O'Connor described as the "indirect sanction" provisions of Article 15 of the Hague Convention, *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S. Ct. 2104, 2111 (1988) *citing* 3 1965 Conference de la Haye de Droit International Prive, Actes et Documents de la Dixieme Session (Notification) 11-12 at 92, 363.

For these reasons, the Court should deny entry of Default Judgment because the Declaratory Provisions of Article 15 of the Hague Convention unless certain conditions are met. Plaintiff did not comply with those requirements.

## II. The Case is Moot

The Motion for Entry of Default Judgment should be denied because this case is moot in whole or part.

Plaintiff successfully moved for entry of Consent Judgments against Defendants "Pfeiffer Ted Trading Co. Ltd." (ECF 54) and "Yanshop" (ECF 64). Each of those consent judgments provided that:

> "Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with [the Defendant] be permanently enjoined and restrained from:
>
> "a. using the EMOJI Trademarks . . . ;
>
> "b. passing off, inducing, or enabling others to sell or pass off any product as a genuine EMOJI product . . .;
>
> "c. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized EMOJI Products . . .;
>
> "d. further infringing the EMOJI Trademark; and
>
> "e. manufacturing . . .products or inventory not manufactured by or for Plaintiff . . ."

Order at ¶ 1 (ECF 54); Order at ¶ 1 (ECF 64).

The Orders provided that "Defendants shall pay Plaintiff five thousand five hundred dollars ($5,500.00) in damages", Order at ¶ 2 (ECF 54) and "Defendants shall pay Plaintiff four thousand dollars in damages", Order at ¶ 2 (ECF 64).

On the face of each order, the Consent Order resolved the Plaintiff's dispute with all who worked in "active concert" with the respective Defendants. It says that the Defendants paid an agreed amount of $9,500.00. The "active concert" tracks the language in the Complaint's Prayer for Relief, which sought an injunction for those acting in "active concert".

*This Motion for Entry of Default and for Judgment is moot because the Consent Orders provided all the relief sought in the Complaint.* In addition, the Parties who on the face of

5

the Consent Order are subject to its writ include each and every related party – which is to say every Defendant named in the Complaint.

Further, the Plaintiff has purported to resolve their dispute with a number of other Defendants, See ECF Nos. 38, 39, 40, 43, 44, 45, 46, 57 and 70, which cover a couple of dozen additional Defendants. The Plaintiff failed to disclose the terms of those settlement agreements. But whatever their financial terms (plus the $9,500.00 ordered to be paid by "Pfeiffer Ted Trading Co. Ltd.", "Yanshop") will "reduce[] the recovery on any claim against [the other Defendants] to the extent of any amount stated in the [settlement] release or the covenant [not to sue], or in the amount of the consideration actually paid for [the settlement], whichever is greater." 740 ILCS 100/2(c). This would certainly apply to the Illinois Uniform Deceptive Trade Practices Act (Count IV) claim; as well as the Lanham Act Claims (Counts I – III) which are a claim of a *single* claim against all Defendants acting jointly. And again, if the Plaintiff's position is that the claims against the various Defendants are not based on a joint project by all Defendants – then each should be severed and refiled (together with a new docket number and filing fee, etc . . . ) separately.

Were there any concerns about the confidentiality of the settlement agreements, this Court could enter a stipulated protective order, *See, e.g.*, *Zielke v. Wagner*, 291 Ill. App. 3d 1037, 1039 (2d Dist. 1997)(finding protective order appropriate to limit distribution of settlement agreement disclosed to non-settling Defendant) although there's no indication that a protective order would be necessary here. But as of now, neither Movant or the Court have seen the Settlement Agreements. And that is crucial to the resolution of this Motion for Entry of Default and for Judgment because it will inform the *amount* of any financial judgment entered.

Further, it is the Undersigned's experience and this Court can take judicial notice that Settlement Agreements invariably include language which bind and enure to the settling party

6

and to the settling Parties' "successors and assigns, agents, officers, parents, subsidiaries and related companies". This is the language used in standard-form settlements agreed to in analogous cases. If that's the case, then then the case is resolved.

*This Motion for Entry of Default and for Judgment may be moot if the Settlement Agreements (whose content has not been disclosed to the other Parties, nor to the Court on this Motion for Entry of Default and for Judgment) enured to the benefit of the settling parties related Companies.*

*This Motion for Entry of Default and for Judgment is moot in whole or in part because under Illinois law any financial recovery by the Plaintiff under the Consent Orders or the Settlements will reduce the recovery available* to Plaintiff in the Lanham Act claims against the Defendants as a group – i.e. a single claim against a single group of interrelated coconspirators. And this also true of the Illinois Uniform Deceptive Trade Practices Act.

7

### D. Conclusion

For these reasons we respectfully submit that this Honorable Court should deny entry of Default Judgment against any Defendant.

DATED: October 10**, 2023**

By: RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel for Defendant "Electrician Guy"*

8

## CERTIFICATE OF SERVICE

    I hereby certify that on October 10, 2023, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means:

**Michael A. Hierl, Esq.**
**Robert Payton Mcmurray, Esq.**
**William Benjamin Kalbac, Esq.**
HUGHES SOCOL PIERS RESNICK & DYM,LTD.
Three First National Plaza
70 West Madison St., Suite 4000
Chicago, IL 60602
Phone: 312 580 0100
Email: Mhierl@hsplegal.com
   Wkalbac@hsplegal.com
   Rmcmurray@hsplegal.com
*Counsel for Plaintiff*


**Shan Zhu**
SHAN ZHU LAW GROUP, P.C.
3511-B Farrington Street, Suite #335
Flushing, NY 11354
Phone: (347) 470-7008
Email: Shan.Zhulaw@gmail.com
*Counsel for Defendant "Shenzhen Yi You Life Technology Co., Ltd. administrator | E4ulife |"*